# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

VANESSA CHAVERO-LINARES,

    Plaintiff,

vs.

TIMOTHY SMITH et al.,

    Defendants.

No. 12-CV-42-LRR

**ORDER**

_____

The matter before the court is Plaintiff Vanessa Chavero-Linares's "Motion to Amend, or Alter Dismissal Order" ("Motion") (docket no. 27), which Chavero-Linares filed on March 27, 2013. On April 9, 2013, Defendants Agent Richard Moore, Agent Kevin P. Donnelly and Secretary of Homeland Security Janet Napolitano filed a Resistance (docket no. 35).

On April 27, 2012, Chavero-Linares filed a Complaint (docket no. 1) against Defendants Agent Moore, Agent Donnelly, Secretary Napolitano and others. On October 22, 2012, Agent Moore, Agent Donnelly and Secretary Napolitano filed a "Motion to Dismiss and Motion for Judgment on the Pleadings" ("Motion to Dismiss") (docket no. 11). On February 27, 2013, the court granted the Motion to Dismiss and dismissed Agent Moore, Agent Donnelly and Secretary Napolitano from the instant action. *See* February 27, 2013 Order (docket no. 23).

In the Motion, Chavero-Linares seeks permission to amend the Complaint or, in the alternative, asks the court to vacate its February 27, 2013 Order. First, the court finds that it is appropriate to deny Chavero-Linares's request to amend the Complaint. As Chavero-Linares acknowledges in the Motion, "[a]fter a complaint is dismissed, the right to amend under [Federal Rule of Civil Procedure] 15(a) terminates." *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir. 1985) (finding that, because the district court's order

"dismissed the complaint on its merits and did not grant [the plaintiff] leave to amend," the court could only grant relief from dismissal under Federal Rule of Civil Procedure 60(b)). Thus, the court finds that Chavero-Linares's right to amend the Complaint has terminated. Moreover, Chavero-Linares acknowledges that the proposed amendments to the Complaint do not add any new grounds for relief. Rather, the amendments add "greater factual detail" to the Complaint. Motion at 2. After reviewing the proposed Amended Complaint (docket no. 27-1), the court finds that, even if it were to consider the Amended Complaint, the additional facts do not provide any reason for the court to alter its February 27, 2013 Order. Thus, the proposed amendments to the Complaint would be futile. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (stating that a district court "may properly deny a party's motion to amend its complaint when such amendment . . . would be futile).

The court shall also deny the Motion to the extent it asks the court to reconsider its February 27, 2013 Order. A motion to reconsider a non-final order, such as an order dismissing fewer than all the parties, is "nothing more than [a] [Federal Rule of Civil Procedure] 60(b) motion[]." *Nelson v. Am. Home Assurance Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012) (quoting *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (internal quotation mark omitted)). A court should grant a motion to reconsider "only in exceptional circumstances requiring extraordinary relief." *Id.* (quoting *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006)) (internal quotation mark omitted). Federal Rule of Civil Procedure 60(b) provides that:

> [T]he court may relieve a party . . . from a[n] . . . order . . . for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . . , misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Chavero-Linares does not identify any reason listed in Rule 60(b) that justifies relief and the court finds that none of the reasons listed in Rule 60(b) apply. Thus, the court shall not vacate its February 27, 2013 Order.

Moreover, the court notes that, even if the court were to grant the Motion to the extent that it requests the court reconsider its February 27, 2013 Order, the court would reaffirm its prior ruling. To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, such as the Motion to Dismiss that the court granted in its February 27, 2013 Order, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In the Complaint, Chavero-Linares does not plead sufficient facts to allow "the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Id.* Thus, Chavero-Linares has failed to sufficiently plead a cause of action against Agent Moore, Agent Donnelly and Secretary Napolitano and, therefore, the Complaint does not satisfy the standard under Federal Rule of Civil Procedure 12(b)(6) to the extent that it alleges a cause of action against Agent Moore, Agent Donnelly and Secretary Napolitano. Nothing in the Motion or proposed amendments to the Complaint alters the court's conclusion. Indeed, Chavero-Linares still fails to allege facts that demonstrate that Agent Moore, Agent Donnelly and Secretary Napolitano are liable under her chosen theories.

In light of the foregoing, Plaintiff Vanessa Chavero-Linares's "Motion to Amend, or Alter Dismissal Order" (docket no. 27) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 10th day of April, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA