**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

VANESSA CHAVERO-LINARES,

      Plaintiff,

vs.

TIMOTHY SMITH et al.,

      Defendants.

No. 12-CV-42-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

I.     **INTRODUCTION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    **PROCEDURAL HISTORY.** . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.   **SUBJECT MATTER JURISDICTION.** . . . . . . . . . . . . . . . . . 3

IV.   **SUMMARY JUDGMENT STANDARD.** . . . . . . . . . . . . . . . . 4

V.    **FACTUAL BACKGROUND.** . . . . . . . . . . . . . . . . . . . . . . . . . 4

     A.    *Parties.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     B.    *Overview of the Dispute.* . . . . . . . . . . . . . . . . . . . . . . . 5

VI.   **ANALYSIS.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     A.    *Chavero-Linares's Demand for Additional Time to*
          *Prepare Resistance.* . . . . . . . . . . . . . . . . . . . . . . . . . . 7
     B.    *42 U.S.C. § 1983 Standard.* . . . . . . . . . . . . . . . . . . . . 9
     C.    *Failure to Protect.* . . . . . . . . . . . . . . . . . . . . . . . . . . 10
          1.    *Failure to protect standard.* . . . . . . . . . . . . . . . 10
          2.    *Objective element.* . . . . . . . . . . . . . . . . . . . . . . 12
               a.    *Parties' arguments.* . . . . . . . . . . . . . . . . 12
               b.    *Applicable law* . . . . . . . . . . . . . . . . . . . . 13
               c.    *Application.* . . . . . . . . . . . . . . . . . . . . . . 15
          3.    *Subjective element.* . . . . . . . . . . . . . . . . . . . . . 18
               a.    *Parties' arguments.* . . . . . . . . . . . . . . . . 18
               b.    *Applicable law* . . . . . . . . . . . . . . . . . . . . 18
               c.    *Application.* . . . . . . . . . . . . . . . . . . . . . . 20
     D.    *Failure to Train or Supervise.* . . . . . . . . . . . . . . . . . . 22

          1.     *Parties' arguments.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
          2.     *Applicable law.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
          3.     *Application.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
   E.     **Qualified Immunity.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
          1.     *Applicable law.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
          2.     *Application.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25
   F.     **Declaratory Judgment.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26
   G.     **Classification System.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27
**VII.**  **CONCLUSION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

## I. INTRODUCTION

The matter before the court is Defendants Sheriff Timothy Smith, Sheriff David McDaniel and Sergeant Dennis Beadle's (collectively, "Defendants") "Motion for Summary Judgment" ("Motion") (docket no. 32).

## II. PROCEDURAL HISTORY

On April 27, 2012, Plaintiff Vanessa Chavero-Linares filed a Complaint (docket no. 1). Relevant to the Motion are the claims against Defendants.[1] Count I of the Complaint alleges that Sheriff Smith and Sergeant Beadle were deliberately indifferent to Chavero-Linares's health and safety in failing to protect Chavero-Linares from Tiffany Glaser, a fellow detainee, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.[2] Count III alleges that Sheriff Smith failed to adequately train and supervise

---

[1] Sheriff McDaniel is not a named defendant in the Complaint. However, on December 31, 2012, Sheriff Smith retired and on January 1, 2013, Sheriff McDaniel was sworn in as Hardin County Sheriff. *See* Motion to Substitute Defendant Smith in His Official Capacity (docket no. 29). Sheriff McDaniel was substituted for the claims against Sheriff Smith in his official capacity. Sheriff Smith remains a defendant as to the claims against him in his individual capacity. *See id.*; March 29, 2013 Order (docket no. 30).

[2] Chavero-Linares also asserts claims arising under the Fifth Amendment to the Constitution. The court notes that the Fifth Amendment is not applicable to this Order because, in due process claims, actions of the state government are reviewed under the Fourteenth Amendment, while actions of the federal government are reviewed under the

(continued…)

correctional and United States Immigration and Customs Enforcement ("ICE") personnel in violation of the Fourteenth Amendment to the Constitution. Count IV alleges that Sheriff McDaniel violated Chavero-Linares's substantive due process right not to be detained with criminal defendants in violation of the Fourteenth Amendment to the Constitution. Chavero-Linares requests declaratory relief with respect to Count IV. Count V alleges that Sheriff McDaniel failed to implement a custody and classification mechanism to protect detainees from threats and assaults in violation of the Fourteenth Amendment to the Constitution. Chavero-Linares asserts these claims pursuant to 42 U.S.C. § 1983. On September 11, 2012, Sheriff Smith and Sergeant Beadle filed an Answer (docket no. 7), denying Chavero-Linares's claims and asserting affirmative defenses.

On April 3, 2013, Defendants filed the Motion. On that same date, Defendants filed a Statement of Material Facts (docket no. 32-1). On April 29, 2013, Chavero-Linares filed a Resistance (docket no. 39). On that same date, Chavero-Linares filed a Response to Defendants' Statement of Material Facts (docket no. 39-2) and a Statement of Additional Material Facts (docket no. 39-3).

In the Motion, Defendants request the opportunity to present oral argument. The court finds that oral argument is unnecessary. The Motion is fully submitted and ready for decision.

### III.  SUBJECT MATTER JURISDICTION

The court has federal question jurisdiction over Chavero-Linares's claims against Defendants in Counts I, III, IV and V, which arise under 42 U.S.C. § 1983 and the Fourteenth Amendment to the Constitution. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

---

[2](…continued)
Fifth Amendment. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002).

## IV.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Amini v. City of Minneapolis*, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 252 (1986)), *cert. denied*, 132 S. Ct. 1144 (2012).  "[S]elf-serving allegations and denials are insufficient to create a genuine issue of material fact." *Anuforo v. Comm'r*, 614 F.3d 799, 807 (8th Cir. 2010).  "To survive a motion for summary judgment, the nonmoving party must substantiate [its] allegations with sufficient probative evidence [that] would permit a finding in [its] favor based on more than mere speculation, conjecture, or fantasy." *Barber v. CI Truck Driver Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011) (second alteration in original) (quoting *Putman v. Unity Health Sys.*, 348 F.3d 732, 733-34 (8th Cir. 2003)) (internal quotation marks omitted).  The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences.  *See Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 819 (8th Cir. 2011).

## V.  FACTUAL BACKGROUND

Viewed in the light most favorable to Chavero-Linares, the facts are as follows:

### A.  Parties

Plaintiff Chavero-Linares is an individual residing in Mount Pleasant, Iowa.  ICE alleges that Chavero-Linares is a citizen of Mexico.  For the purpose of this Order, the court assumes, without deciding, that Chavero-Linares is a lawful resident of the United States.

Chavero-Linares seeks relief against five named and two unnamed defendants,

4

including Defendants.[3] Sheriff Smith was the Chief Law Enforcement Officer for Hardin County while Chavero-Linares was in custody at the Hardin County Correctional Center ("Correctional Center"). Chavero-Linares is now suing Sheriff Smith in his individual capacity only. As noted above, Sheriff Smith retired from this position and on January 1, 2013, Sheriff McDaniel became the Chief Law Enforcement Officer for Hardin County. Chavero-Linares is suing Sheriff McDaniel in his official capacity only. At times material to the instant action, Sergeant Beadle was a Hardin County Sheriff's Deputy. Chavero-Linares is suing Sergeant Beadle in his individual capacity only.

### B. *Overview of the Dispute*

On or about February 14, 2011, a law enforcement officer pulled over Chavero-Linares for speeding in Louisa County, Iowa. The officer took Chavero-Linares into custody at the direction of ICE based on suspicion that she was present in the United States without proper authorization. On February 16, 2011, Chavero-Linares was transferred to ICE custody at the Correctional Center in Eldora, Iowa, which is in Hardin County.[4]

The Correctional Center implements its detainee classification system through a three-step process. First, when a detainee arrives at the Correctional Center, a booking officer conducts an intake interview and makes an "initial determination of whether the detainee should be assigned to the general population jail areas, . . . classified as needing

---

[3] The Complaint also alleges claims against Agent Richard Moore, Agent Kevin P. Donnelly and Secretary of Homeland Security Janet Napolitano (collectively, the "federal defendants"). On October 22, 2012, the federal defendants filed a Motion to Dismiss and Motion for Judgment on the Pleadings ("Motion to Dismiss") (docket no. 11). On February 27, 2013, the court granted the Motion to Dismiss and directed the Clerk of Court to dismiss the federal defendants from the underlying action. February 27, 2013 Order (docket no. 23) at 15.

[4] Hardin County is under contract with the Department of Homeland Security to detain individuals suspected of being present in the United States without proper authorization.

close monitoring or . . . assigned housing based on needed special supervision."
Defendants' Statement of Material Facts at 2. Second, a Behavioral Health Services
employee interviews the detainee "to develop a broader behavior history for determining
the appropriate housing assignment." *Id.* Finally, a nurse meets with the detainee and
factors in any medical concerns to the detainee's housing assignment. *Id.*

When Chavero-Linares was detained, Glaser was also a detainee at the Correctional
Center for two criminal burglary charges. Chavero-Linares and Glaser were both detained
in the general Correctional Center population and were housed in the A Cellblock with four
other women: Christian Hernandez Castanon, Rosa Gonzalez Martinez, Maximina
Hernandez Luis and Ferdos Latif Al Yassiri. On or about March 8, 2011, Chavero-Linares
was playing basketball with other detainees when Glaser told Chavero-Linares and other
detainees "that they should shut up and that they were 'fucking bitches, and . . . should go
back to their country and make tortillas. If you don't shutup [sic], I am going to get you
bitches while you're sleeping.'" Chavero-Linares Affidavit, Chavero-Linares Appendix
("Chavero-Linares App'x") (docket no. 39-4) at 4. In addition, on or about March 10,
2011, Glaser made additional racist and derogatory statements to Chavero-Linares and other
detainees, calling them "fucking wetbacks" and stating "I feel like I am in a fucking
jungle." Complaint ¶ 30.

Chavero-Linares reported the statements to Sergeant Beadle, a Hardin County
Sheriff's Deputy, and requested to no longer be housed with Glaser.[5] Chavero-Linares also

---

[5] The court notes that, in his Affidavit, Sergeant Beadle stated that
none of the inmates in A cellblock ever talked to me on my
rounds or made any written complaint about Glaser, Chavero[-
Linares] or anyone else in A cellblock concerning any
troubles, tensions, threats or difficulties. If anyone had told
me earlier that Glaser or Chavero[-Linares] had not been
getting along it would have been quite simple to remove one

(continued...)

reported the incident to Agent Donnelly, who told her that the deputies at the Correctional Center should address the matter. Neither Sergeant Beadle nor Agent Donnelly took any action to address Chavero-Linares's complaint. On March 12, 2011, Chavero-Linares and other detainees were watching Spanish-language television. Glaser picked up a chair "'and threw it into [the] face of'" Chavero-Linares. Complaint ¶ 37 (quoting Sergeant Beadle's incident report). On March 12, 2011, Sergeant Beadle, Officer Mark Mannetter, Officer Summer Lawrence, Officer Jason Fults and Nurse Jennifer Lynne Raska were on duty in the Correctional Center.

## VI. ANALYSIS

### A. *Chavero-Linares's Demand for Additional Time to Prepare Resistance*

At the outset, the court shall address Chavero-Linares's demand for additional time to respond to the Motion. In her Resistance, Chavero-Linares states that she "strenuously objects to having to respond to summary judgment without having had an opportunity to develop [her] claims in discovery." Brief in Support of Resistance (docket no. 39-1) at 13. Specifically, Chavero-Linares requests additional time to respond to Defendants' arguments provided in grounds III, IV, V and VI of the Motion, which request that the court grant summary judgment in Defendants' favor on Counts III, IV and V of the Complaint. As Chavero-Linares correctly points out, the discovery deadline is not until November 1, 2013. *See* March 14, 2013 Order (docket no. 24).

---

[5](...continued)
> of them from A cellblock to avoid any conflicts they were
> having.

Sergeant Beadle Affidavit, Defendants' Appendix ("Defendants' App'x") (docket no. 31-2) at 65. However, Chavero-Linares asserts that she verbally notified Sergeant Beadle of the alleged threat. Thus, in construing the facts in the light most favorable to Chavero-Linares, the court assumes that she did report the threat to Sergeant Beadle.

Federal Rule of Civil Procedure 56(d)[6] allows a court to grant additional time for discovery to a nonmoving party in a motion for summary judgment. Fed. R. Civ. P. 56(d). Pursuant to Rule 56(d), the nonmoving party must "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" before a court may "defer considering the motion [for summary judgment]" or "allow time to obtain affidavits or declarations or to take discovery." *Id.*; *see also Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999) ("Nonmovants may request a continuance under Rule 56[d] until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition."). "A Rule 56[d] affidavit must 'set forth specific facts further discovery might uncover or what information further discovery might reveal.'" *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, LLP*, 687 F.3d 1045, 1050 (8th Cir. 2012) (quoting *Anuforo v. Comm'r of Internal Revenue*, 614 F.3d 799, 808 (8th Cir. 2010)) (internal quotation marks omitted). However, "Rule 56[d] 'is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious.'" *Hamilton*, 687 F.3d at 1050 (quoting *Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993)) (internal quotation marks omitted).

At the outset, the court notes that the appropriate way to request additional time to prepare a resistance is in a separate motion, not in the resistance itself. Furthermore, in her request for additional time to respond to the Motion, Chavero-Linares fails to comply with Rule 56(d). Chavero-Linares does not show by affidavit or declaration that, for specific reasons, she cannot present the necessary "facts essential to justify [her] opposition" to the Motion. Fed. R. Civ. P. 56(d). Rather, Chavero-Linares makes a

---

[6] The court notes that "[o]n December 1, 2010, the Federal Rules of Civil Procedure were amended, and it is now Rule 56(d) that allows a court to grant additional time for discovery to the nonmoving party in a motion for summary judgment." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 792 n.4 (8th Cir. 2012).

8

conclusory statement that her "argument [resisting Defendants' arguments in] [g]rounds III, IV, V, and VI would be much stronger if [s]he had an opportunity to develop discovery." Brief in Support of Resistance at 14. Additionally, she does not "set forth specific facts further discovery might uncover." *Hamilton*, 687 F.3d at 1050 (quoting *Anuforo*, 614 F.3d at 808) (internal quotation marks omitted). Therefore, the court declines to grant Chavero-Linares's request for additional time to resist the Motion and shall rely on Chavero-Linares's Resistance as filed.[7]

### B. 42 U.S.C. § 1983 Standard

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Congress enacted 42 U.S.C. § 1983 to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 685 (1978). However, § 1983 itself does not provide any substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Hous. Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of § 1983,' for § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of

---

[7] Local Rule 7(f) provides that a "motion may be granted without notice" where "no timely resistance" is filed. LR 7(f). Thus, the court may grant the unresisted portions of the Motion pursuant to this rule. Nonetheless, the court finds that it is appropriate to address the Motion on the merits.

9

the United States].'' 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (stating that § 1983 "merely provides 'a method for vindicating federal rights elsewhere conferred'" (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979))); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) (stating that "Constitution and laws" means that § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) "the violation of a right secured by the Constitution and laws of the United States"; and (2) the alleged deprivation of that right "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### C.  Failure to Protect

In the Motion, Defendants argue that the court should grant summary judgment in favor of Sheriff Smith and Sergeant Beadle on Count I because Chavero-Linares has not shown that she was incarcerated under conditions posing a substantial risk of serious harm, Sheriff Smith and Sergeant Beadle were not deliberately indifferent towards her and Sheriff Smith and Sergeant Beadle are entitled to qualified immunity with respect to this claim. Chavero-Linares contends that there is a genuine issue of material fact as to whether Glaser posed a substantial risk of serious harm to Chavero-Linares and whether Sheriff Smith and Sergeant Beadle were deliberately indifferent to such risk.  Chavero-Linares further contends that Sheriff Smith and Sergeant Beadle are not entitled to qualified immunity because they violated Chavero-Linares's well-established constitutional right.

### 1.    Failure to protect standard

As discussed above, to establish a cause of action under 42 U.S.C. § 1983, a plaintiff must assert that a state official violated his or her constitutional rights.  42 U.S.C. § 1983.  Pursuant to the Eighth Amendment to the Constitution, prisoners have a right to be free from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825,

10

833 (1994); *see also Latimore v. Widseth*, 7 F.3d 709, 712 (8th Cir. 1993) (holding that a plaintiff's "Eighth Amendment right . . . 'to be protected from harm by fellow inmates'" is "well established in the law" (quoting *Smith v. Marcantonio*, 910 F.2d 500, 501 (8th Cir. 1990))).  A pretrial detainee's failure-to-protect claim is "analyzed under the . . . Due Process Clause, rather than the Eighth Amendment prohibition of cruel and unusual punishment." *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011).  However, "[t]his [distinction] makes little difference as a practical matter, . . . [because] [p]retrial detainees are entitled to the same protection . . . as imprisoned convicts receive under the Eighth Amendment." *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007); *cf. Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010) ("Although this court has yet to establish a clear standard for pretrial detainees, we repeatedly have applied the same deliberate indifference standard as is applied to Eighth Amendment claims made by convicted inmates." (quoting *Vaughn v. Greene Cnty., Ark.*, 438 F.3d 845, 850 (8th Cir. 2006)) (internal quotation marks omitted)).

"It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834; *see also Andrews v. Siegel*, 929 F.2d 1326, 1330-31 (8th Cir. 1991) (noting that "some violence in prisons may be unavoidable due to the character of the prisoners" (quoting *Martin v. White*, 742 F.2d 469, 475 (8th Cir. 1984)) (internal quotation mark omitted)).  Rather, to establish an "unconstitutional failure to protect from harm [claim], [the plaintiff] must show (1) an 'objectively, sufficiently serious' deprivation, meaning that he [or she] was incarcerated under conditions posing a substantial risk of serious harm, and (2) that the defendant was deliberately indifferent to the substantial risk of serious harm." *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (citation omitted) (quoting *Farmer*, 511 U.S. at 834); *see also Jensen v. Clarke*, 94 F.3d 1191, 1197 (8th Cir. 1996) (stating that the first requirement is intended to "ensure[]

11

that the deprivation is sufficiently serious to amount to a deprivation of constitutional dimension" and the second requirement is intended to "ensure[] that 'only the unnecessary and wanton infliction of pain implicates the [Constitution]'" (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991))).   The first prong of the test for a failure to protect claim is objective, while the second is subjective.  *See Schoelch*, 625 F.3d at 1046.

### 2.   Objective element

#### a.   Parties' arguments

In the Motion, Defendants contend that the court should grant summary judgment in favor of Sheriff Smith and Sergeant Beadle because Chavero-Linares's claim in Count I does not satisfy either component of a failure to protect claim.   Specifically, Defendants argue that the statements that Glaser made to Chavero-Linares in the days leading up to the incident where she threw the chair were not threats.   In addition, Defendants argue that Chavero-Linares's injury is de minimis and such injury neither satisfies the objective prong of a failure to protect claim nor supports a constitutional claim.

Chavero-Linares asserts that her injury was greater than de minimis.   Furthermore, she argues that the Eighth Circuit Court of Appeals's decision in *Young v. Selk*, 508 F.3d 868 (8th Cir. 2007), supports her argument that Sheriff Smith and Sergeant Beadle committed a constitutional violation in failing to protect her from Glaser.   In *Young*, a prisoner brought a failure to protect claim against prison officials after the prisoner was assaulted by his roommate.   *Id.* at 869.   The Eighth Circuit affirmed the district court's denial of summary judgment as to two defendant prison officials, finding that they were not entitled to qualified immunity because the plaintiff established a genuine issue of material fact with respect to whether the prison officials committed a constitutional violation for failing to protect the plaintiff from his roommate.   *Id.* at 873-74.   There, the plaintiff's roommate told the plaintiff that "he would do whatever he wanted to do and that if [the plaintiff] didn't like it, he would have to 'deal' with [the roommate] and his 'boys,'" *id.* at

870, indicating that the plaintiff "would be confronted by more than one other prisoner in addition" to the roommate, *id.* at 873. The Eighth Circuit held that this evidence "was sufficient to support a finding that there was a substantial risk of serious harm to [the plaintiff]." *Id.* at 873. The Eighth Circuit further held that the prison officials were deliberately indifferent to the risk because the plaintiff "testified that he told both the officials that he had been threatened by [his roommate], that his circumstances were urgent, that he needed to be moved immediately, and that it was an emergency." *Id.*

### b. Applicable law

The first prong of the above test requires a plaintiff to show that she was detained "under conditions posing substantial risk of serious harm." *Scholech*, 625 F.3d at 1046. "Determining what satisfies the sufficiently serious injury requirement is . . . claim dependent." *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008). A prison official's "act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "This objective requirement ensures that the deprivation is sufficiently serious to amount to a deprivation of constitutional dimension." *Jensen v. Clarke*, 94 F.3d 1191, 1197 (8th Cir. 1996).

The Eighth Circuit has held that a plaintiff must assert an injury that is greater than de minimis to make a claim under the Eighth Amendment.[8] *See Irving*, 519 F.3d at 448

---

[8] The court recognizes that, in some circumstances, prisoners have been able to recover for an injury, even where such injury was not serious, where the force "was applied . . . maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (holding that, in an Eighth Amendment excessive force claim, the core judicial inquiry is whether a prison guard's "force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm," rather than on the type of injury suffered by the prisoner); *see also id.* at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort

(continued…)

("Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*."); *Cummings v. Malone*, 995 F.2d 817, 822 (8th Cir. 1993) (requiring a plaintiff to show "actual injury" to state an Eighth Amendment violation); *Ellis*, No. 91-2423, 1992 WL 369484, at *1-2 (affirming the lower court's judgment in favor of a defendant prison guard in a failure to protect claim because the plaintiff's injuries were "'de minimis' as a matter of law"); *Williams v. Smith*, Nos. 4:10-CV-04085 & 4:10-CV-04194, 2012 WL 3815674, at *10 (W.D. Ark. Aug. 14, 2012) (finding that when a plaintiff alleged only de minimis injuries, his failure to protect claim failed as a matter of law). *See also* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ."); *Matthews v. Villella*, 381 F. App'x 137, 139 (3d Cir. 2010) (upholding the lower court's dismissal of a prisoner-plaintiff's failure to protect claim where "[h]is alleged injuries [did] not rise to the level of 'serious harm'" that is required in a failure to protect claim, even though these same injuries were sufficient for the plaintiff's excessive force claim to proceed).

Neither the United States Supreme Court nor the Eighth Circuit have determined the threshold injury required for an Eighth Amendment failure to protect claim. However, in *Ellis*, the Eighth Circuit held that the plaintiff-inmate's injury, which occurred when another inmate poured two five-gallon buckets of a bleach, cleanser and water mixture on the plaintiff, was not sufficiently serious to satisfy the threshold injury requirement because

---

[8](...continued)
repugnant to the conscience of mankind." (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (internal quotation marks omitted)). Here, the force exerted upon Chavero-Linares came from Glaser, a fellow inmate, rather than from Sheriff Smith or Sergeant Beadle. Thus, the above exception is not relevant and the court may consider the nature of Chavero-Linares's injury to determine whether she has stated a claim under the Eighth Amendment. *See Ellis v. Bass*, 982 F.2d 525 (table), No. 91-2423, 1992 WL 369484, at *1-2 (8th Cir. September 15, 1992).

the plaintiff's injuries were de minimis as a matter of law. *Ellis*, 1992 WL 369484, at \*1-2. The Eighth Circuit went on to state that it need not determine whether the resulting harm from the assailant's use of force against the plaintiff "must be serious or significant or something else, and what constitutes injury objectively harmful enough to satisfy the threshold injury requirement for a constitutional violation" because the plaintiff's injuries "were de minimis as a matter of law." *Id.* at \*2 (quoting *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)) (internal quotation marks omitted). Thus, a de minimis injury cannot form the basis of a failure to protect claim. *See also Irving*, 519 F.3d at 448 (assuming that the plaintiff's injury was "greater than *de minimis* and therefore sufficiently serious to justify a damages award, however nominal the amount," and suggesting that a de minimis injury is *not* sufficiently serious to support a failure to protect claim).

### c.    Application

Under the first prong of the above test, the court must determine whether Chavero-Linares was detained "under conditions posing a substantial risk of serious harm." *Schoelch*, 625 F.3d at 1046.[9] The court finds that Chavero-Linares's injury does not amount to "serious harm" and, therefore, her failure to protect claim cannot proceed. Rather, the court finds that her injury is de minimis as a matter of law. *See Ellis*, 1992 WL 369484, at \*1-2 (affirming the district court's dismissal of a failure to protect claim where the plaintiff's injuries were de minimis as a matter of law).[10]

---

[9] The court notes that this is an objective inquiry and, as such, whether Sheriff Smith or Sergeant Beadle had knowledge of any alleged threats of an alleged "substantial risk of serious harm" that Chavero-Linares faced is not relevant.

[10] The court recognizes that in *Farmer*, the United States Supreme Court held that a prisoner who believed that he or she was incarcerated under conditions posing a substantial risk of serious injury due to a prison official's failure to protect him or her "does not have to await the consummation of threatened injury to obtain preventive relief." *Farmer*, 511 U.S. at 845 (quoting *Pennsylvania v. West Virginia*, 262 U.S. 553, 593

(continued...)

As a result of the incident, Chavero-Linares had a scratch or cut on her cheek. She did not seek medical attention for the cut and received one pain pill. Summer Lawrence, an officer at the Correctional Center who was on duty on March 12, 2011, took Chavero-Linares to the Correctional Center's booking area to take a photograph of the injury. Lawrence stated that "[t]he only injury she had was a small scratch on her cheek which was not even bleeding. . . . [B]ecause the scratch was so minor, and because Chavero[-Linares] was not upset, in pain, or [did not] ask for medical treatment, I did not even make out an Incident Report . . . until March 11, 2013." Summer Lawrence Affidavit, Defendants' App'x at 76; *see also* Sergeant Beadle Affidavit, Defendants' App'x at 64 ("I observed a little red mark on [Chavero-Linares's] right cheek. There was no swelling or puffiness and no bleeding. . . . Chavero[-Linares] was not emotional or crying, did not act like she was in pain and [from] my recollection, asked for no medical attention at all, like seeing a doctor or nurse or asking for any medical treatment, not even a Band-Aid."); Injury Photograph, Defendants' App'x at 77.

The only evidence on the record to the contrary is Chavero-Linares's own self-serving statements. "[S]elf-serving allegations and denials are insufficient to create a genuine issue of material fact." *Anuforo*, 614 F.3d at 807; *see also Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008) ("In order to establish the existence of a genuine issue of material fact, '[a nonmoving party] may not merely point to unsupported self-serving allegations.'" (quoting *Bass v. SBC Commc'ns, Inc.*, 418 F.3d 870, 872 (8th

---

[10](...continued)

(1923)) (internal quotation mark omitted). However, in that situation, the Supreme Court contemplated the prisoner seeking an injunction if the inmate "plainly proved an unsafe, life-threatening condition." *Id.* (quoting *Helling v. McKinney*, 509 U.S. 25, 33 (1993)). Thus, this order is not at odds with the Supreme Court's holding in *Farmer* because Chavero-Linares has already suffered the injury, she is not seeking an injunction because she is no longer held at the Correctional Center and, thus, is no longer facing any alleged danger, and she has not "plainly proved an unsafe, life-threatening condition." *See id.*

16

Case 1:12-cv-00042-LRR   Document 40   Filed 10/15/13   Page 16 of 28

Cir. 2005))).  Furthermore, by Chavero-Linares's own account, the only treatment she received following the incident was one pain pill.  *See* Chavero-Linares Affidavit, Chavero-Linares App'x at 7-8; Jennifer Lynne Raska Affidavit, Defendant's App'x at 86 ("If . . . Chavero[-Linares] had made any requests to be seen by me and/or to receive any medications needed as arising from the incident of March 12, 2011, there would be a notation of it in her medical records which I keep in the ordinary conduct of my duties as the [Correctional Center's] nurse.  There are no such notations.").  Thus, in construing the facts in the light most favorable to Chavero-Linares, her injury, a relatively minor scratch or cut and cheek pain, even if this cheek pain was ongoing,[11] is still de minimis as a matter of law because Chavero-Linares suffered no serious long-term pain and received no medical attention for her injury.  *Compare Wertish v. Krueger*, 433 F.3d 1062, 1067 (8th Cir. 2006) (finding that "relatively minor scrapes and bruises" and a nonpermanent "aggravation of a prior shoulder condition" were de minimis), *and Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) (finding that injuries that were "likely nothing more than the temporary and slight aggravation of pre-existing conditions" were de minimis), *with Irving*, 519 F.3d at 448 (finding that "a blow to the face that resulted in a two-month period of difficulty in breathing is greater than *de minimis*"), *and Hudson*, 503 U.S. at 9 (cracked dental plate, loosened teeth, bruises and swelling were more than de minimis).

In light of the foregoing, the court finds that Chavero-Linares's injury is de minimis as a matter of law and, accordingly, cannot support a finding that she was detained "under conditions posing a substantial risk of serious harm."  *Schoelch*, 625 F.3d at 1046.  Thus, Chavero-Linares's injury is not sufficiently serious to support her constitutional failure to

---

[11]  Chavero-Linares asserts, without any supporting medical opinion or documentation, that she "continued to experience pain in [her] right cheek for about three weeks after" the incident, and that "even today, [she] feel[s] a mild pain while [she] eats occasionally, and sometimes [she] feel[s] a little twitching in [her] right cheek."  Chavero-Linares Affidavit, Chavero-Linares App'x at 5.

protect claim.

### 3. Subjective element

#### a. Parties' arguments

In the Motion, Defendants argue that the court should grant summary judgment in their favor for the additional reason that Chavero-Linares has failed to satisfy the subjective component of a failure to protect claim. First, Defendants assert that a single incident of inmate assault does not give rise to a pervasive risk of harm necessary to establish deliberate indifference. Brief in Support of Motion (docket no. 32-3) at 7 (citing *Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir. 1992)). Second, Defendants assert that they could not have been deliberately indifferent to any substantial risk of serious harm because there was "nothing in the prior relationship between Chavero[-Linares] and Glaser predictive of harm." Brief in Support of Motion at 18. Finally, Defendants argue that Sheriff Smith was not in the Correctional Center when Glaser threw the chair at Chavero-Linares and, thus, cannot be liable for Chavero-Linares's failure to protect claim because in a § 1983 claim, an official is only liable for his or her own misconduct and only if the official personally displayed deliberate indifference to the substantial risk of serious harm that Chavero-Linares faced. In her Resistance, Chavero-Linares argues that Defendants had notice of the threats that Glaser made to Chavero-Linares and denied her request to be transferred to a different cell.

#### b. Applicable law

The second prong of the above test is subjective. *Schoelch*, 625 F.3d at 1046. "[T]he defendant must be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). "[D]eliberate indifference includes something more than negligence but less than actual intent to harm." *Id.* (quoting *Newman v. Holmes*, 122 F.3d 650, 653 (8th Cir. 1997)); *see also Holden*, 663 F.3d at 341 (stating that a showing of

18

deliberate indifference "mandat[es] the prisoner prove the official both knew of and disregarded 'an excessive risk to inmate health or safety'" (quoting *Farmer*, 511 U.S. at 837)); *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003) (providing that a prison guard's negligence is not enough to establish reckless indifference). "[T]hreats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Prater v. Dahm*, 89 F.3d 538, 541-42 (8th Cir. 1996) (finding that a prisoner failed to show that a prison official "actually knew of the risk" to the prisoner when the prisoner told the official that he received threats from his roommate because, in part, after reporting the threats, the prisoner and his roommate told the official that there would be no trouble and the two "were incarcerated together for a substantial period of time without incident").

To prevail in a failure to protect action against a prison official, a plaintiff "'must show the defendant[] [was] deliberately indifferent to his [or her] constitutional rights, either because [the defendant] actually intended to deprive him [or her] of some right, or because [the defendant] acted with reckless disregard of his [or her] right to be free from violent attacks by fellow inmates.'" *Andrews*, 929 F.2d at 1330 (quoting *Miller v. Solem*, 728 F.2d 1020, 1024 (8th Cir. 1984)). To establish that a prison official acted with "reckless disregard," "an inmate must show that he was faced with a 'pervasive risk of harm' and that the prison officials failed to respond reasonably to that risk." *Andrews*, 929 F.2d at 1330 (quoting *Bailey v. Wood*, 909 F.2d 1197, 1199 (8th Cir. 1990)). Thus, a prison official who responded reasonably to a perceived risk is not guilty of an Eighth Amendment violation, "even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844 (further noting that a "prison official's duty under the Eighth Amendment is to ensure reasonable safety . . . a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous [inmates] in safe custody under humane conditions" (quoting *Helling*, 509 U.S. at 33 & *Spain v. Procunier*, 600 F.2d 189, 193 (9th Cir. 1979))

19

(internal quotation marks omitted)). "[A] pervasive risk of harm . . . may not ordinarily be shown by pointing to a single incident or isolated incidents . . . ." *Andrews*, 929 F.2d at 1330 (quoting *Martin*, 742 F.2d at 474) (internal quotation marks omitted). *But see Farmer*, 511 U.S. at 845 ("[D]eliberate indifference does not require a prisoner seeking 'a remedy for unsafe conditions to await a tragic event such as an actual assault before obtaining relief.'" (alterations omitted) (quoting *Helling*, 509 U.S. at 33-34)); *Schofield v. Hopkins*, 491 F. App'x 772, 774 (8th Cir. 2012) (providing that a single incident of violence may be enough to support a failure to protect claim).

### c.   *Application*

At the outset, the court notes that it need not address the subjective prong of the test for Chavero-Linares's failure to protect claim, in light of the court's findings that Chavero-Linares failed to satisfy the objective prong of the test and her injury was de minimis as matter of law. Nonetheless, the court finds that Chavero-Linares's claim against Sheriff Smith fails for the additional reason that Chavero-Linares does not allege that she reported any threats to Sheriff Smith and, thus, there is no basis on which Chavero-Linares could claim that Sheriff Smith was deliberately indifferent to a substantial risk of serious harm. Accordingly, because Chavero-Linares has not alleged that she reported any threat to Sheriff Smith, the court finds that summary judgment in favor of Sheriff Smith on Count I is appropriate for this additional reason.

Although Chavero-Linares verbally reported Glaser's statements to Sergeant Beadle, it is not clear to the court that such report was enough to put Sergeant Beadle on notice that Glaser posed a "substantial risk of serious harm" to Chavero-Linares. *Schoelch*, 625 F.3d at 1046. Glaser made one threat to Chavero-Linares and a group of women and, therefore, it was not clear that the threat was specifically directed toward Chavero-Linares. Furthermore, Chavero-Linares verbally reported Glaser's statements to Sergeant Beadle and does not claim to have requested a transfer or reported the threats in writing. Finally, there

is no indication that Chavero-Linares asserted that the situation was "urgent," an "emergency" or that she needed to be moved "immediately." *See Young*, 508 F.3d at 873 (finding that prison officials were deliberately indifferent where the prisoner-plaintiff told the officials "that his circumstances were urgent, that he needed to be moved immediately, and that it was an emergency"). "[T]hreats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Prater*, 89 F.3d at 541 (holding that the prison official was not deliberately indifferent where plaintiff-prisoner reported threats because the plaintiff and the assailant were incarcerated together for two weeks after the threats occurred without incident). Furthermore, even if Sergeant Beadle were unreasonable in failing to separate Chavero-Linares and Glaser, "'reasonableness is a negligence standard' and negligence cannot give rise to an Eighth Amendment failure-to-protect claim." *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (quoting *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998)).

Nonetheless, because there is an issue of fact regarding whether Chavero-Linares reported the threats to Sergeant Beadle[12] and because it is unnecessary to conclude whether Sergeant Beadle was deliberately indifferent to a substantial risk of harm in light of the court's finding that Chavero-Linares's injury was de minimis as a matter of law, the court declines to determine whether Sergeant Beadle was deliberately indifferent to any substantial risk of serious harm that Chavero-Linares faced at the Correctional Center.

---

[12] The court notes that in the Complaint, Chavero-Linares did not allege that she reported any actual threats to any prison official—only derogatory statements. The court dismissed Chavero-Linares's claims against the federal defendants, in part, for this reason. *See* February 27, 2013 Order at 9-10. However, Chavero-Linares alleged for the first time in her Affidavit, attached to her Resistance to the Motion, that she reported one actual threat to Sergeant Beadle. Chavero-Linares Affidavit, Chavero-Linares App'x at 4.

### D. Failure to Train or Supervise

#### 1. Parties' arguments

In their Motion, Defendants argue that the court should grant summary judgment in favor of Sheriff Smith on Count III because in the Complaint, Chavero-Linares fails to state a claim and does "not even attempt to properly plead the elements of a failure to train or failure to supervise claim." Brief in Support of Motion at 19. In addition, Defendants argue that this claim fails on the merits because: (1) Sheriff Smith did not have notice "of a pattern of unconstitutional acts committed by" Sergeant Beadle, *id.* at 21 (quoting *Atkinson v. City of Mountain View, Mo.*, No. 11-3352, 2013 WL 462381, at *12 (8th Cir. Feb. 8, 2013)); (2) Sheriff Smith was not deliberately indifferent and did not tacitly authorize any unconstitutional acts of Sergeant Beadle; (3) any failure to take remedial action was not recklessly indifferent; and (4) any alleged failure to supervise was not the proximate cause of Chavero-Linares's injury.

In her Resistance, Chavero-Linares argues that summary judgment in favor of Sheriff Smith is not appropriate because "it should have been obvious that deputies should take reasonable efforts to separate violent criminal detainees espousing racist threats towards Hispanic detainees, and that training should be offered to identify and lessen those threats through prompt remedial action." Brief in Support of Resistance at 12. Furthermore, Chavero-Linares asserts that, "based on the large Hispanic population and ICE's own detention standards," Sheriff Smith "should have been on notice of the need to train subordinates such as [Sergeant] Beadle on the need to protect civil detainees from other criminal defendants." Brief in Support of Resistance at 13.

#### 2. Applicable law

To state a cause of action under § 1983, a plaintiff must show that a defendant "was personally involved in or had direct responsibility for incidents that injured him [or her]." *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). A supervisor may be liable "if

22

he [or she] directly participated in the constitutional violation, or if his [or her] failure to train or supervise the offending actor caused the deprivation." *Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 806 (8th Cir. 1994) (footnote omitted) (citation omitted). "The standard of liability for a failure to train . . . is deliberate indifference." *Id.* at 807. The standard of liability for a failure to supervise is "deliberate indifference or tacit authorization of the offensive acts." *Wilson v. City of N. Little Rock*, 801 F.2d 316, 322 (8th Cir. 1986); *see also Wever v. Lincoln Cnty., Neb.*, 388 F.3d 601, 606 (8th Cir. 2004); *Tilson*, 28 F.3d at 807. To show that a supervisor was "deliberately indifferent to or tacitly authorized the offending acts," the plaintiff must show "that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996); *see also Moore v. City of Desloge, Mo.*, 647 F.3d 841, 849 (8th Cir. 2011) ("[T]o maintain an action for training or supervisory liability, a plaintiff must show the failure to train or supervise caused the injury.").

If a plaintiff fails to show that a supervised defendant violated the plaintiff's constitutional rights, then a claim against a supervisor defendant asserting a failure to train or failure to supervise must also fail. *See Moore*, 647 F.3d at 649 ("Because [the plaintiff] failed to establish [the supervised defendant] violated [the plaintiff's] constitutional rights, [the plaintiff] cannot maintain [his failure to train and supervise claims] against either [supervisor defendants].").

### 3. *Application*

Chavero-Linares has failed to show that Sheriff Smith was "deliberately indifferent to or tacitly authorized the offensive acts" because she has failed to show that Sheriff Smith "had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Id.* As discussed above, the court granted summary judgment in favor of Sheriff Smith and Sergeant Beadle on Chavero-Linares's failure-to-

23

protect claim because it did not amount to a constitutional violation and, thus, Chavero-Linares has not shown that Sergeant Beadle, the supervised defendant, violated her constitutional rights. Accordingly, the court shall grant the Motion to the extent that it requests that the court dismiss Count III of the Complaint against Sheriff Smith.

### E. Qualified Immunity

Defendants argue, in the alternative, that the court should dismiss Count I against Sheriff Smith and Sergeant Beadle and Count III against Sheriff Smith because Sheriff Smith and Sergeant Beadle are shielded from liability under the doctrine of qualified immunity from claims brought against them in their individual capacities. With respect to Count I, Defendants argue that qualified immunity applies because "there was nothing in the prior relationship between Chavero[-Linares] and Glaser predictive of harm." Brief in Support of Motion at 18. Additionally, Defendants argue that Sheriff Smith is entitled to qualified immunity as to Count III because a supervisor is entitled to qualified immunity as to a failure to train claim unless "*every* reasonable official would have known" that Sheriff Smith's allegedly unconstitutional failure to train Sergeant Beadle violated Chavero-Linares's constitutional right. *Id.* at 26-27 (emphasis added) (quoting *Ashcroft v. Al-Kidd*, __ U.S. __, __, 131 S.Ct. 2074, 2083 (2011)) (internal quotation mark omitted).

In her Resistance, Chavero-Linares argues that Sheriff Smith and Sergeant Beadle are not entitled to qualified immunity because "[i]t is well established that jails and prisons have a duty to protect inmates from attacks by other inmates." Brief in Support of Resistance at 10. Chavero-Linares does not address qualified immunity with respect to her failure to train or supervise claim.

#### 1. Applicable law

"A government official sued in his [or her] individual capacity may raise the defense of qualified immunity." *Sisney v. Reisch*, 674 F.3d 839, 844 (8th Cir. 2012). "Qualified immunity protects government officials from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (quoting *Stepnes v. Ritschel*, 663 F.3d 952, 960 (8th Cir. 2011)) (internal quotation marks omitted). Such officials are "entitled to qualified immunity unless (1) the evidence, viewed in the light most favorable to the plaintiffs, establishes a violation of a constitutional or statutory right, and (2) the right was clearly established at the time of the violation, such that a reasonable officer would have known that his [or her] actions were unlawful." *Bernini v. City of St. Paul*, 665 F.3d 997, 1002 (8th Cir. 2012) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)), *cert. denied*, 133 S. Ct. 526 (2012). "[T]he question of qualified immunity requires more than a determination that a particular right is 'clearly established' in the abstract." *Prater*, 89 F.3d at 541. Rather, the court "must examine whether reasonable officials could have believed their actions violated clearly established law, given the information available to the officials at the time of the attack." *Id.* Furthermore, the Eighth Circuit has held that

> prison officials are entitled to qualified immunity from claims arising out of a surprise attack by one inmate on another. This is true even if the official knows . . . that the attacking inmate may be dangerous or violent.

*Prosser v. Ross*, 70 F.3d 1005, 1007 (8th Cir. 1995) (citations omitted).

The court may address either question first. *See Pearson*, 555 U.S. at 236. "'If either question is answered in the negative, the public official is entitled to qualified immunity.'" *Norris v. Engles*, 494 F.3d 634, 637 (8th Cir. 2007) (quoting *Vaughn v. Ruoff*, 253 F.3d 1124, 1128 (8th Cir. 2001)).

### 2. Application

The court has already found that Chavero-Linares's allegations in Count I and Count III fail because Chavero-Linares has not alleged a constitutional violation. Thus, Counts I and III fail for the additional reason that Sheriff Smith and Sergeant Beadle are entitled to qualified immunity with respect to those claims, as their conduct did not violate Chavero-

Linares's "clearly established statutory or constitutional rights of which a reasonable person would have known." *See Sisney*, 674 F.3d at 844 (quoting *Stepnes*, 663 F.3d at 960) (internal quotation marks omitted).

## F. *Declaratory Judgment*

In Count IV, Chavero-Linares seeks a declaratory judgment stating that she has a "substantive due process right not to be detained with criminal defendants." Complaint ¶ 62. In the Motion, Defendants argue that summary judgment is appropriate because the court granted the federal defendants' Motion to Dismiss, thereby dismissing the federal defendants from this case and the federal defendants are indispensable parties as to this claim. Specifically, Defendants argue that the federal policies at issue in Count IV, which are enforced by the dismissed federal defendants, are dictated to Hardin County by ICE officials—Sheriff McDaniel does not have the authority to create or revise these policies. According to Defendants, the "federal [d]efendants, now dismissed, [are] necessary parties who are indispensable to any declaratory relief Chavero[-Linares] seeks" and the court "could not possibly craft an effective judgment in favor of [Chavero-Linares] if the government would not be bound to that judgment due to its non-joinder." Brief in Support of Motion at 28 (internal quotation marks omitted) (quoting *Mo. River Historical Dev., Inc. v. Penn Nat'l Gaming, Inc.*, 283 F.R.D. 501, 510 (N.D. Iowa 2012)). Defendants further argue that the court does not have subject matter jurisdiction over Chavero-Linares's claim in Count IV because 8 U.S.C. 1252(a)(2)(A) provides that "challenges to the constitutionality of an ICE detention regulation lie in the sole jurisdiction of the United States District Courts for the District of Columbia." Brief in Support of Motion at 29. Finally, Defendants argue that summary judgment is appropriate because this claim is moot. In her Resistance, Chavero-Linares does not address Defendants' arguments with respect to this claim, and, thus, this portion of the Motion is unresisted.

The court finds that the federal defendants are no longer parties to this action and the

26

policies at issue in Count IV are promulgated by the federal defendants, not the Defendants who remain as parties to this action. *See* Defendants' Statement of Material Facts, ¶ 1-5. Thus, proceeding as to this claim against Sheriff McDaniel is not appropriate. Furthermore, even if the Chavero-Linares's claim against Sheriff McDaniel in Count IV were appropriate, the court would nonetheless find that summary judgment in favor of the Defendants is appropriate because, as the court held in its February 27, 2013 Order, this claim is moot because Chavero-Linares is no longer held at the Correctional Center. *See Preiser v. Newkirk*, 422 U.S. 395, 402 (1975) (holding that a prisoner's claim for injunctive relief and a declaration that his transfer from a medium-security to a maximum-security prison without a hearing was unconstitutional was moot because the prisoner had been transferred back to the medium-security prison); *Senty-Haugen v. Goodno*, 462 F.3d 876, 889 (8th Cir. 2006) (holding that a prisoner's claims for injunctive and declaratory relief related to the conditions of his imprisonment while in isolation were moot after the prisoner's period of isolation ended); *Cancel v. Rison*, 985 F.2d 404, 405 (8th Cir. 1993) (holding that the plaintiff's § 1983 claim was moot because the plaintiff was no longer detained at the facility); *Scher v. Chief Postal Inspector*, 973 F.2d 682, 683 (8th Cir. 1992) (holding that a former inmate's request for declaratory and injunctive relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) was moot because the inmate was no longer in prison); *Martin*, 780 F.2d at 1337 ("[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions."). Therefore, the court shall grant summary judgment in favor of Sheriff McDaniel on Count IV.

### G. Classification System

In Count V, Chavero-Linares alleges that Sheriff McDaniel "should have put in place a custody and classification mechanism to ensure that detainees . . . [are] not . . . subjected to racial abuse[] or threats [from] criminal defendants." Complaint ¶ 67. In the court's

February 27, 2013 Order, the court granted the federal defendants' Motion to Dismiss with respect to Count V because the claim does not allege a constitutional violation and, therefore, does not state a cause of action under *Bivens*. The court finds that the same reasoning applies with respect to Chavero-Linares's § 1983 claim at issue here. *See Weiss v. Cooley*, 230 F.3d 1027, 1033 (7th Cir. 2000) (finding that a plaintiff's claim that jail officials "failed to implement a proper classification system" in the jail was "not enough to sustain an Eighth Amendment claim against" the jail officials). Therefore, the court shall grant summary judgment in favor of Sheriff McDaniel on Count V.

## VII. CONCLUSION

In light of the foregoing, Defendants Sheriff Timothy Smith, Sheriff David McDaniel and Sergeant Dennis Beadle's Motion for Summary Judgment (docket no. 32) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants Sheriff Smith, Sheriff McDaniel and Sergeant Beadle and to **CLOSE THIS CASE**.

**DATED** this 15th day of October, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA